UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANNY AMEN VALENTINE SHABAZZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-01609 (UNA) |
| v. ) | |
| ) | |
| WILLIAM BURNS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Georgia, sues the Central Intelligence Agency ("CIA") and its Director. Although having filed a civil case, plaintiff has submitted a complaint for "criminal copyright infringement." The complaint is comprised of unintelligible *non-sequiturs* and fails to identify any basis for this court's subject matter jurisdiction. No discernable facts, context, or legal authority are provided. For example, plaintiff alleges that he "spent 14 years of reform with

Mayor James Baker as his first government endorsement[,]" eventually enacting "a 2 trillion dollar plan and it was used to get Joe Biden elected president and create a new operation system and legislative text for the CIA." He then discusses alleged additional suspicions that he has regarding the CIA, based on a purported second-hand account of a former United States Secret Service member. He demands that the CIA "fork over the defense budget" to him and to his family, and "return his mother [to] a home after the DNC used it for the Biden Harris election." He believes that the CIA has violated unspecified civil rights "and participated in torture towards his relatives[,]" resulting in over 25 deaths.

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). So a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

Consequently, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: July 12, 2023

TREVOR N. McFADDEN
United States District Judge